DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Deputy
WARREN METLITZKY, State Bar # 220758
Deputy City Attorneys
Fox Plaza
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3916
Facsimile:    (415) 554-3837
E-Mail:       warren.metlitzky@sfgov.org

Attorneys for Defendants
GAVIN NEWSOM, HEATHER FONG, AND
CITY AND COUNTY OF SAN FRANCISCO, ET AL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW COHEN,<br><br>             Plaintiff,<br><br>    vs.<br><br>GAVIN NEWSOM, HEATHER FONG, CITY AND COUNTY OF SAN FRANCISCO, GO DADDY GROUP, INC. and DOES 1-100,<br><br>             Defendants. | USDC No. CV-08-1443 JL<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[F. R. CIV. P. 12(B)(6)]**<br><br>Judge:         Hon. James L. Larson<br>Hearing Date:  April 30, 2008<br>Time:          9:30 A.M.<br>Place:         Crtrm. F, 15th Floor<br><br>Trial Date:    Not Set |

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................................... ii
NOTICE OF MOTION ................................................................................................................1
MEMORANDUM OF POINTS & AUTHORITIES ...................................................................1
INTRODUCTION ........................................................................................................................1
FACTUAL BACKGROUND AS ALLEGED ............................................................................2
PROCEDURAL HISTORY .........................................................................................................4
LEGAL STANDARD ..................................................................................................................4
DISCUSSION ...............................................................................................................................5
    I.    COHEN FAILS TO STATE A CLAIM FOR CONSPIRACY UNDER SECTION 1985 AND SECTION 1983. ..................................................................6
    II.   COHEN FAILS TO STATE A CLAIM FOR "MAKING PUBLIC PRIVATE INFORMATION" ..........................................................................................7
    III.  COHEN FAILS TO STATE A CLAIM UNDER THE FIFTH AMENDMENT FOR DEPRIVATION OF PROPERTY. ..................................................8
    IV.  COHEN CANNOT SEEK PUNITIVE DAMAGES AGAINST THE SAN FRANCISCO POLICE DEPARTMENT. ...........................................................10
    V.   THE SECOND AND THIRD CAUSES OF ACTION FAIL TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS. ...........................................10
CONCLUSION ..........................................................................................................................10

# TABLE OF AUTHORITIES

**Federal Cases**

*American Family Ass'n, Inc. v. City & County of San Francisco*
    277 F.3d 1114 (9th Cir. 2002) ...................................................................................4

*Arnold v. IBM*
    637 F.2d 1350 (9th Cir. 1981) ...................................................................................6

*Aulson v. Blanchard*
    83 F.3d 1 (1st Cir. 1996) ............................................................................................5

*Balistreri v. Pacifica Police Dept.*
    901 F.2d 696 (9th Cir. 1990) .....................................................................................4

*Benson v. Cady*
    761 F.2d 335 (7th Cir. 1985) .....................................................................................5

*Bergquist v. County of Cochise*
    806 F.2d 1364 (9th Cir. 1986) ...................................................................................7

*City of Canton v. Harris*
    489 U.S. 378 (1989) ...................................................................................................6

*City of Newport v. Fact Concerns, Inc.*
    453 U.S. 247 (1981) .................................................................................................10

*Conley v. Gibson*
    355 U.S. 41 (1957) .....................................................................................................4

*Cornwell v. City of Riverside*
    896 F.2d 398 (9th Cir. 1990) ...................................................................................10

*First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*
    482 U.S. 304 (1987) ...................................................................................................9

*Griffith v. Breckenridge*
    403 U.S. 88 (1971) .....................................................................................................6

*Holden v. Hagopian*
    978 F.2d 1115 (9th Cir. 1992) ...................................................................................4

*Hotel & Motel Ass'n of Oakland v. City of Oakland*
    344 F.3d 959 (9th Cir. 2003) .....................................................................................9

*Ivey v. Board of Regents of Univ. of Alaska*
    673 F.2d 266 (9th Cir. 1982) .....................................................................................5

*Jeffers v. Gomez*
    267 F.3d 895 (9th Cir. 2001) .....................................................................................6

*Jones v. Williams*
    297 F.3d 934 (9th Cir. 2002) ................................................................................................6

*Keniston v. Roberts*
    717 F.2d 1295 (9th Cir. 1983) .............................................................................................4

*Lucas v. South Carolina Coastal Council*
    505 U.S. 1003 (1992) ..........................................................................................................9

*Moyo v. Gomez*
    40 F.3d 982 (9th Cir. 1994) .................................................................................................4

*Palko v. Connecticut*
    302 U.S. 319 (1937) ............................................................................................................8

*Paul v. Davis*
    424 U.S. 693 (1976) ............................................................................................................7

*Pena v. Gardner*
    976 F.2d 469 (9th Cir. 1992) ...............................................................................................5

*Redman v. County of San Diego*
    942 F.2d 1435 (9th Cir. 1991), cert. denied 502 U.S. 1074 (1992) ....................................7

*Sever v. Alaska Pulp Corp.*
    978 F.2d 1529 (9th Cir. 1992) .............................................................................................6

*Smith v. Maryland*
    442 U.S. 735 (1979) ............................................................................................................8

*Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*
    535 U.S. 302 (2002) ............................................................................................................9

*Taylor v. List*
    880 F.2d 1040 (9th Cir. 1989) .............................................................................................6

*Transphase Systems, Inc. v. Southern Calif. Edison Co.*
    839 F.Supp. 711 (C.D.Cal. 1993) ........................................................................................5

*United Brotherhood of Carpenters and Joiners of America v. Scott*
    463 U.S. 825 (1983) ............................................................................................................6

*United States v. Forrester*
    512 F.3d 500 (9th Cir. 2007) ...............................................................................................8

*Wesley v. Davis*
    333 F.Supp.2d 888 (C.D. Cal. 2004) ...................................................................................7

**Federal Statutes**

42 U.S.C. Section 1983 ................................................................................................1, 4, 5, 6, 7

42 U.S.C. Section 1985..................................................................................................1, 4, 5, 6, 7

Federal Rules of Civil Procedure
    12(b)(6) ..............................................................................................................................1, 4

**NOTICE OF MOTION**

TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:

TAKE NOTICE THAT on April 30, 2008 at 9:30 a.m. in Courtroom F at 450 Golden Gate Avenue, San Francisco, California, 15th Floor, or as soon thereafter as this matter can be heard, defendants City and County of San Francisco[1] ("San Francisco"), Heather Fong and Gavin Newsom (collectively "San Francisco Defendants") will and hereby do move to dismiss the Complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Defendants are entitled to dismissal of the following claims.

(1)     Plaintiff fails to state a conspiracy claim under 42 U.S.C. Sections 1983 and 1985;

(2)     Plaintiff fails to state a claim for "making public private information";

(3)     Plaintiff fails to state a claim for deprivation of property under the Fifth Amendment;

(4)     Plaintiff may not seek punitive damages against the City and County of San Francisco; and

(5)     Plaintiff fails to state a claim against the moving defendants as to the Second and Third Causes of action for general negligence and intentional tort.

This motion to dismiss shall be based on this Notice of Motion and Motion to Dismiss for Failure to State a Claim and Supporting Memorandum of Points and Authorities and the Proposed Order, both filed or lodged herewith, as well as the file in this case, the argument of counsel at the hearing, and any such further matters as the Court deems appropriate.

**MEMORANDUM OF POINTS & AUTHORITIES**

**INTRODUCTION**

This case arises from the use of a run-of-the-mill criminal investigative tool: a letter requesting that a party preserve digital evidence. It is one of many such letters sent out by the San Francisco Police Department ("SFPD") each year. On December 6, 2006, the SFPD contacted former defendant The Go Daddy Group, Inc. ("Go Daddy"), the company that hosted plaintiff Andrew Cohen's ("Cohen") website, www.insidethesfpd.com. The letter was sent pursuant to a federal statute

---

[1] Erroneously sued as San Francisco Police Department.

1  on the books since 1996, and as part of an initial investigation into whether Cohen violated any
2  criminal laws.  In the preservation letter, the SFPD requested that Go Daddy preserve certain
3  electronic data relating to Cohen—including the contents of the website www.insidethesfpd.com—to
4  ensure that potential evidence was not removed or spoiliated.  Cohen's account for website hosting
5  with Go Daddy was never frozen nor was he denied access to his account.  In fact, San Francisco
6  requested that no action be taken that would result in the termination of service to Cohen.

7  Ignoring these critical facts, Cohen filed the instant complaint against the City and County of
8  San Francisco, San Francisco Mayor Gavin Newsom ("Mayor Newsom"), San Francisco Chief of
9  Police Heather Fong ("Chief Fong") and Go Daddy.  Cohen alleges that the defendants froze his Go
10 Daddy web hosting account as part of a conspiracy against him.  He claims that the alleged freezing
11 of his account violated his federal constitutional rights under the First Amendment, that it constitutes
12 a seizure under the Fourth Amendment and that it deprived him of property without due process of
13 law in violation of the Fifth and Fourteenth Amendments.

14 No such "freezing" occurred.  Nonetheless, San Francisco—for the purposes of this motion
15 only—treats Mr. Cohen's allegations as true.  But even if true, Mr. Cohen fails to state a cognizable
16 claim and his complaint should be dismissed for the reasons set forth below.

## FACTUAL BACKGROUND AS ALLEGED

18 This action centers around the alleged "freezing" of SFPD officer Andrew Cohen's website,
19 which contained a number of videos produced and directed by him.  *See* Complaint ("Compl.") ¶¶11,
20 15.  Though no such freezing occurred, for the purposes of this motion defendants treat Cohen's
21 allegations as true.  Cohen characterizes the content of the videos on his website as a police officer
22 poking fun at himself and other officers with whom he was friendly.  Compl. ¶11.  Cohen alleges that
23 after the videos came to light, Mayor Newsom engaged in a series of public attacks directed at
24 Andrew Cohen and other police officers (Compl. ¶7) including at least one press conference (Compl.
25 ¶13) where Mayor Newsom characterized Cohen's video as "racist, sexist and potentially criminal."[2]

---

[2] Cohen claims that Chief Fong and Mayor Newsom's statements "might well have been seen as a call to arms" for "the random psychopath who might be stirred to harm Cohen."  Compl. ¶23.

Comp. ¶9. Cohen also alleges that Chief Fong was instructed by Mayor Newsom to verbally attack police officers (Compl. ¶7) and that Chief Fong made public, private information regarding police officers. Compl. ¶9. Specifically, he alleges that she "made public display of a private video" (Compl. ¶9) that was available on his website. Compl. ¶15. He claims that Mayor Newsom and Chief Fong also revealed the contents of the video to Reverend Amos Brown. Compl. ¶10.

The videos were publicly available on Andrew Cohen's website.[3] Compl. ¶15. Hosting for Cohen's website is provided by The Go Daddy Group, Inc. Compl. ¶14. As part of his hosting account with Go Daddy, Cohen's name and address had been publicly available through his Go Daddy listing. Compl. ¶16. However, Cohen only learned that his home address was publicly listed on a Go Daddy listing after he received an email about it, sometime after a press conference by Mayor Newsom and Chief Fong. Compl. ¶16.

The gravamen of Cohen's civil rights complaint against the San Francisco Defendants is that the SFPD contacted Go Daddy, and sent a "Letter of Preservation". Compl. ¶14. He alleges that the letter demanded that no changed be allowed to Cohen's website. Compl. ¶14.

On December 6, 2006, Andrew Cohen alleges that he tried to access his Go Daddy account to make his address invisible, but was locked out. Compl. ¶18. He claims that he contacted Go Daddy and was told that he could not access his account and had to talk to legal. Compl. ¶19. He contends that his account was "frozen" as the result of a conspiracy between Go Daddy and the San Francisco Police Department. Compl. ¶20. He further complains that the SFPD acted at the instruction of Chief Fong and Mayor Newsom. Compl. ¶20. He maintains that because his home address was public for a period of time, he feared for his safety. Compl. ¶21.

Mr. Cohen alleges that the freezing of his account violated (1) his First Amendment Rights; (2) his Fourth Amendment right against seizure; (3) deprived him of property without due process of law under the Fifth Amendment; and (4) deprived him of property without due process under the Fourteenth Amendment. Compl. ¶21.

---

[3] Cohen alleges that at some point he removed the videos pursuant to a request by the SFPD. Compl. ¶15.

## PROCEDURAL HISTORY

On November 29, 2007, Andrew Cohen filed his complaint against defendants. The complaint was served on Chief Fong, Mayor Newsom and the City and County of San Francisco on or around February 12, 2008. The Go Daddy Group, Inc. was not properly served. On March 13, 2008, all defendants timely filed a notice of removal to federal court under federal question jurisdiction.

Mr. Cohen's complaint consists of three causes of action: (1) a federal civil rights claim; (2) a state law general negligence claim against Go Daddy; and (3) a state law intentional tort claim against Go Daddy. On March 18, 2008, Cohen voluntarily dismissed defendant The Go Daddy Group, Inc, leaving only his first cause of action for violation of federal civil rights under 42 U.S.C. Sections 1983 and 1985. Defendants Chief Fong, Mayor Newsom and the City and County of San Francisco file this motion to dismiss.

## LEGAL STANDARD

In appraising the sufficiency of the complaint, the Court follows the accepted rule that the complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *American Family Ass'n, Inc. v. City & County of San Francisco*, 277 F.3d 1114, 1120 (9th Cir. 2002). The allegations of material fact must be taken as true. *Moyo v. Gomez*, 40 F.3d 982, 984 (9th Cir. 1994). However, the court need not accept conclusory allegations as truthful. *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant dismissal for failure to state a claim "if it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, (1957)). Dismissal under Rule 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff need not set out in detail the facts upon which he bases his claim. However, a plaintiff must "set out sufficient factual matter to outline the elements of his cause of action or claim,

1  proof of which is essential to his recovery." *Benson v. Cady*, 761 F.2d 335, 338 (7th Cir. 1985).
Although complaints are to be liberally construed in the plaintiff's favor, conclusory allegations of law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id.*; *see also Transphase Systems, Inc. v. Southern Calif. Edison Co.,* 839 F. Supp. 711, 718 (C.D.Cal. 1993). The courts need not "swallow the plaintiff's invective hook, line and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996). Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)).

**DISCUSSION**

Defendants San Francisco, Chief Fong and Mayor Newsom move the Court to dismiss the following claims by defendant for the reasons set forth below.

*First*, plaintiff's claim for relief in the First Cause of Action under Section 1985 fails to allege racial or class-based animus and thus fails to state a conspiracy claim. Similarly, plaintiff's conspiracy claim under Section 1983 fails because persons can only be liable under Section 1983 for acts they performed or acts they caused, and not for acts for which they are vicariously responsible.

*Second*, to the extent that Cohen attempts in his First Cause of Action to state a constitutional claim for "making public private information," that claim must be dismissed. There is no blanket constitutional right to privacy, only "zones of privacy" such as marriage, procreation or contraception. Moreover, even if such a right were cognizable, neither the video nor Cohen's address are—or were—private information. As he admits, both were publicly available on his website and/or Go Daddy account before any alleged "freezing" occurred.

*Third*, Cohen cannot state a claim under the Fifth Amendment because he has not alleged a taking. If he intends to allege a procedural due process claim, such a claim is made under the Fourteenth Amendment, not the Fifth Amendment.

*Fourth,* Cohen cannot seek punitive damages against San Francisco because a municipality is not liable for punitive damages under Section 1983.

*Fifth*, with the voluntary dismissal of Go Daddy by Cohen, the second and third causes of action fail to state a claim against any defendant.

## I. COHEN FAILS TO STATE A CLAIM FOR CONSPIRACY UNDER SECTION 1985 AND SECTION 1983.

Cohen's First Cause of Action alleges a conspiracy between defendants to violate his constitutional rights by freezing his account. Compl. ¶21. He characterizes the conspiracy as a "hub and spoke" type of conspiracy. Compl. ¶6. As shown below, Cohen's fails to state a conspiracy claim.

*First*, he fails to state a claim under Section 1985. Section 1985 requires that plaintiff allege and prove four elements:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States.

*United Brotherhood of Carpenters and Joiners of America v. Scott,* 463 U.S. 825, 828-29 (1983). "The second of these four elements requires that in addition to identifying a legally protected right, a plaintiff must demonstrate a deprivation of that right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffith v. Breckenridge,* 403 U.S. 88, 102 (1971)). Here, there are no allegations by Cohen of racial or class-based animus. Instead, he alleges that the conspiracy was directed at him because he produced and directed the videos at issue, and not because his membership in any protected class. Thus, Section 1985 does not apply.

*Second*, Cohen cannot maintain a conspiracy claim under Section 1983. Under Section 1983, plaintiff must come forward with facts demonstrating that individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Jones v. Williams*, 297 F.3d 934-35 (9th Cir. 2002). A section 1983 suit cannot be based on vicarious liability alone, but must allege that the defendant's own conduct violated the plaintiff's civil rights. *City of Canton v. Harris*, 489 U.S. 378, 385-90 (1989); *Jeffers v. Gomez*, 267 F.3d 895, 915 (9th Cir. 2001);

1  *Wesley v. Davis*, 333 F.Supp.2d 888, 892 (C.D. Cal. 2004); *Bergquist v. County of Cochise*, 806 F.2d
2  1364, 1369 (9th Cir. 1986).  A supervisor may be held liable only "if there exists either, (1) his or her
3  personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between a
4  supervisor's wrongful conduct and the constitutional violation." *Redman v. County of San Diego*, 942
5  F.2d 1435, 1446 (9th Cir. 1991), cert. denied 502 U.S. 1074 (1992).  An allegation of a conspiracy is
6  not sufficient; there must be either direct action or a causal relationship.
7     Here, Cohen has not come forward with any specific set of facts demonstrating how any
8  defendant is responsible for the act of another defendant without either causing the action or
9  personally taking the action.  To be sure, Cohen can properly allege that certain defendants engaged
10 in acts giving rise to liability or that they caused other parties to engage in such acts (for example,
11 allegations that Chief Fong acted at Mayor Newsom's direction).  But plaintiff has not stated—and
12 cannot as a matter of law—state a claim for conspiracy under Section 1983 or Section 1985.

## II. COHEN FAILS TO STATE A CLAIM FOR "MAKING PUBLIC PRIVATE INFORMATION"

15 Cohen's complaint identifies the "freezing" of his account as the only act giving rise to a
16 constitutional violation (Compl. ¶21).  Nonetheless, the complaint also alleges that Chief Fong and
17 Mayor Newsom made public his private information.  Specifically, he alleges that they made public
18 the videos he produced (*e.g.* Compl. ¶9) and indirectly prevented him from removing his address
19 from his Go Daddy account.  Compl. ¶¶18-20.  It is unclear from the complaint if Cohen intends this
20 factual allegation of "making public private information" to state a claim for relief.  But even if he
21 intended to state such a claim, it would fail.
22    *First*, there is no constitutional right to keep Cohen's videos and/or address private.  As the
23 Supreme Court said in *Paul v. Davis*, 424 U.S. 693, 712-713 (1976), "[w]hile there is no "right of
24 privacy" found in any specific guarantee of the Constitution, the Court has recognized that "zones of
25 privacy" may be created by more specific constitutional guarantees and thereby impose limits upon
26 government power."  The Court went on to note "our other "right of privacy" cases, while defying
27 categorical description, deal generally with substantive aspects of the Fourteenth Amendment." *Id.* at
28 713.  Those privacy rights "must be limited to those which are "fundamental" or "implicit in the

concept of ordered liberty." *Id.* (*quoting Palko v. Connecticut*, 302 U.S. 319, 325 (1937)). Such rights can be found in "matters relating to marriage, procreation, contraception, family relationships, and childrearing and education" where there are constitutional limitations on the States' power to substantively regulate conduct. *Id.* Here, no such substantive due process rights are implicated. Instead, plaintiff is complaining that defendants made public his videos, and prevented him from making his address private. These are not the delineated areas of which the Supreme Court has recognized as "zones of privacy" such as the fundamental rights affecting marriage or procreation.

Moreover, Cohen's address and video were not private. Cohen admits in his complaint that his videos were available on the internet through his website. Compl. ¶15. They were already public information. "A person has no legitimate expectation of privacy in information he voluntarily turns over to third parties." *Smith v. Maryland*, 442 U.S. 735, 743-44 (1979). Individuals have no expectation of privacy in certain information conveyed across the internet, such as an IP address or a "to" or "from" line in an e-mail. *United States v. Forrester*, 512 F.3d 500, 510 (9th Cir. 2007). And a website, like a physical bulletin board in a public space, is accessible to anyone and everyone who visits. Similarly, there is no expectation of privacy available for Cohen's address. *See id.* (there is no expectation of privacy in addressing information); *see also Smith v. Maryland*, 442 U.S. at 743 (no expectation of privacy in telephone numbers). Even if Cohen's address were private—which it is not—his complaint admits that it was already available on his Go Daddy listing. In fact, he only realized it had been publicly available because a third party emailed him and made him aware of it. There is no allegation in his Complaint that supports a cognizable claim that defendants made public his private information.

To the extent that Cohen's complaint attempts to state a constitutional claim for "making public private information," it should be dismissed.

### III.    COHEN FAILS TO STATE A CLAIM UNDER THE FIFTH AMENDMENT FOR DEPRIVATION OF PROPERTY.

Cohen alleges that the freezing of his website gives rise to a claim for deprivation of property under the Fifth Amendment. Cohen's complaint fails to state such a claim.

*First*, to the extent that Cohen is attempting to state a procedural due process claim alleging that a state actor deprived him of property, any such claim should be stated under the Fourteenth, not the Fifth Amendment.

*Second*, if Cohen is attempting to state a cause of action under the Fifth Amendment, he is alleging a taking. But the allegations in his complaint do not support a claim for a taking. The Fifth Amendment of the United States Constitution provides in relevant part that "private property [shall not] be taken for public use, without just compensation." *See First English Evangelical Lutheran Church of Glendale v. County of Los Angeles*, 482 U.S. 304, 314 (1987). Here, Cohen fails to allege critical elements of a Fifth Amendment takings claim. He does not allege that his website was taken "for public use." Instead he alleges only that he was denied access to his Go Daddy account such that he could not make his address private. He also fails to allege that there was no "just compensation" for the taking. And finally, he has not stated a claim for a taking. At most, he lost the ability to make his address private, but did not lose all possessory interest in his website and/or Go Daddy account, either permanently or temporarily. This is not the sort of complete interference with his possessory interests that would constitute a temporary or regulatory taking. *See Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 965 (9th Cir. 2003); *cf. First English*, 482 U.S. at 322 (a taking exists where the government denies a party "all use of its property"); *Lucas v. South Carolina Coastal Council*, 505 U.S. 1003, 1016 (1992) (taking where government denies an owner *all* economically viable use of its land). *See generally Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency*, 535 U.S. 302 (2002).

Because he has not stated—and cannot state—a claim for deprivation of property without due process under the Fifth Amendment, that claim should be dismissed.[4]

---

[4] For the purposes of this motion only, the San Francisco defendants assume that Cohen can prove facts sufficient to state a claim for deprivation of property without due process under the Fourteenth Amendment.

## IV. COHEN CANNOT SEEK PUNITIVE DAMAGES AGAINST THE SAN FRANCISCO POLICE DEPARTMENT.

Cohen's complaint prayer seeks general and special damages, along with punitive damages. Compl. ¶28. Cohen cannot state a claim for punitive damages against San Francisco. It is black letter law that punitive damages may not be awarded against municipalities in Section 1983 actions. *See, e.g., City of Newport v. Fact Concerns, Inc.*, 453 U.S. 247, 271 (1981); *Cornwell v. City of Riverside*, 896 F.2d 398, 399 (9th Cir. 1990). As such, the Court should dismiss plaintiff's claim for punitive damages against San Francisco.

## V. THE SECOND AND THIRD CAUSES OF ACTION FAIL TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS.

Cohen's Second and Third Causes of Action allege state law claims of general negligence and intentional tort. They name Go Daddy, who was recently dismissed, but not any of the San Francisco Defendants. As such, they fail to state a claim against any of the San Francisco Defendants and should be dismissed as to the City and County of San Francisco, Chief Fong, and Mayor Newsom.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to dismiss.

Dated: March 20, 2008

                        DENNIS J. HERRERA
                        City Attorney
                        JOANNE HOEPER
                        Chief Trial Deputy
                        WARREN METLITZKY
                        Deputy City Attorney


                    By:        /s/
                        WARREN METLITZKY

                    Attorneys for Defendants
                    CITY AND COUNTY OF SAN FRANCISCO,
                    HEATHER FONG AND GAVIN NEWSOM