DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trail Attorney
WARREN METLITZKY, State Bar # 220758
Deputy City Attorneys
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-3916
Facsimile:      (415) 554-3837
E-Mail:          warren.metlitzky@sfgov.org

Attorneys for Defendants
GAVIN NEWSOM, HEATHER FONG, AND
CITY AND COUNTY OF SAN FRANCISCO, ET AL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANDREW COHEN, | USDC No. CV-08-1443 JL |
|---|---|
| Plaintiff, | **DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, GAVIN NEWSOM AND HEATHER FONG'S OPPOSITION TO PLAINTIFF'S NOTICE OF RELATED CASES [CIVIL LOCAL RULE 3-12(D)]** |
| vs. | |
| GAVIN NEWSOM, HEATHER FONG, CITY AND COUNTY OF SAN FRANCISCO, GO DADDY GROUP, INC. and DOES 1-100, | |
| Defendants. | Trial Date:     Not Set |

**INTRODUCTION**

Plaintiff filed an "Administrative Motion To Consider Whether Cases Should Be Related" on March 18, 2008. Plaintiff filed his motion for the court to consider the issue, but did not advocate "one position or the other" as to whether the instant case is related to the earlier filed cases. Plaintiff's motion was not filed in the "earliest filed case" pursuant to Civ. L. R. 3-12(b), but for the Court's convenience we have attached plaintiff's motion as Exhibit A to this opposition.

Defendants City and County of San Francisco, Heather Fong and Mayor Newsom now file this Opposition because the present case is not related to the previously filed cases. The present case

1  involves different parties, different legal claims, and different factual circumstances.  Given these
2  distinctions, this Court should not relate the present case to the previously filed cases.

**ARGUMENT**

**I.    THE PRESENT CASE IS NOT RELATED TO THE PREVIOUSLY-FILED EMPLOYMENT CASES BY SFPD OFFICERS.**

The present case involves the alleged "freezing" of Andrew Cohen's Go-Daddy-hosted website as part of a San Francisco Police Department ("SFPD") criminal investigation.  As the Court is aware, plaintiff Andrew Cohen produced and directed a number of videos, which he characterizes as satire and which Mayor Newsom and Police Chief Fong publicly criticized.  Upon learning of these videos, the SFPD commenced a preliminary criminal investigation into whether any criminal laws were broken in the making of these videos.  As part of this initial investigation, the SFPD sent a letter to The Go Daddy Group, Inc. ("Go Daddy"), the company that hosted Andrew Cohen's website.  The letter requested that Go Daddy preserve certain electronic data related to Andrew Cohen, but that Go Daddy not inform Cohen of the investigation or deny him access to his account, even temporarily.

Cohen alleges that his account was frozen as a result of a conspiracy between Mayor Newsom, Chief Fong, the SFPD and Go Daddy.  He alleges that this freezing of his account violated his rights under the First Amendment, constituted a seizure under the Fourth Amendment, and deprived him of property without due process of law as guaranteed by the Fifth and Fourteenth amendments.

This factual and legal background is unrelated to those found in the two lawsuits that have been consolidated before Judge Illston (hereinafter "Bayview Employment Cases"):

*Harmston et al v. CCSF and Chief Heather Fong,* N.D. Case No. C 07-01186SI: and

*Cohen and Lewis v. CCSF and Chief Heather Fong*, N. D. Case No. C 07-06208SI.

Those consolidated cases assert claims for race discrimination and retaliation relating to the Department's Management Control Division's investigation of Bayview officers' creation of offensive video vignettes.  Those consolidated case are employment-related race discrimination and retaliation claims.  They involve the SFPD's internal employment investigation and its subsequent

disciplinary recommendations against San Francisco Police officers. They do not involve an official criminal investigation. The 1500 page investigative report that forms the core of the *Harmston* and *Cohen-Lewis* matters makes no reference to and in no way relies upon information provided by Go Daddy.

### A. Legal Standard For Related Cases

An action is "related" under Local Civil Rule 3-12(b) if it concerns:

> (1) Substantially the same parties, property, transaction, event or question of law; **and**
>
> (2) When it appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges.

Local Civil Rule, 3-12(b) (emphasis added).

### B. The Present Case Involves Parties And Events That Are Not At Issue In The Bayview Employment Cases And Will Result In A Duplication Of Labor Or Conflicting Results.

In the Bayview Employment Cases, the plaintiffs have sued the San Francisco Police Department for alleged race discrimination and retaliation in its disciplinary actions related to the Bayview videos.

The parties in those actions are not the same as in the present case. Go Daddy and Mayor Newsom are not named as parties in those actions. And plaintiffs in those cases are a host of SFPD officers with a range of complaints, while Andrew Cohen is the single plaintiff in the present action.

The events at issue in the Bayview Employment Cases are substantially different than the instant case. The Bayview Employment Cases center around the *employment-related* actions taken in response to officers' participation in and relationship to the Bayview videos. The instant case centers around the freezing of Andrew Cohen's website as part of a criminal investigation.

Even the legal theories at issue are unrelated. The Bayview Employment Cases allege race-based discrimination against a class of officers and retaliation. The present case alleges that the freezing of Andrew Cohen's Go Daddy account affectively seized his property with out due process. It is—in essence—a Fourth Amendment criminal case, much like the challenge to a warrantless search. As such, there is likely no legal overlap between the present case and the Bayview Employment Cases.

Finally, counsel for the parties is different in the present case than in the consolidated Bayview Employment Cases.  The issues and facts are sufficiently distinct that different departments of the San Francisco City Attorney's Office are involved in the present case than those involved in the Bayview Employment Cases.  Plaintiff's counsel is also different.  By employing different counsel, the parties signal that they do not believe that there will be a duplication of effort between the Bayview Employment Cases and the instant case.  Moreover, not a single attorney involved in these actions—both plaintiffs' and defense counsel in the consolidated cases and plaintiff's and defense counsel in the present case—believe these cases to be related.

Given the dissimilarities between the present case and the Bayview Employment Cases, any rulings on the present case by a different judge will **not** result in a burdensome duplication of labor or conflicting results.  The present case, therefore, is not related and should not be re-assigned.

## CONCLUSION

For the aforementioned reasons, defendants respectfully request that the present case **not** be related to the Bayview Employment Cases.

Dated:  March 21, 2005

>
> DENNIS J. HERRERA
> City Attorney
> JOANNE HOEPER, State Bar #114961
> Chief Trial Attorney
> WARREN METLITZKY, State Bar # 220758
> Deputy City Attorney
>
>
> By:         /s/
>        WARREN METLITZKY
>
> Attorneys for Defendants
> GAVIN NEWSOM, HEATHER FONG, AND
> CITY AND COUNTY OF SAN FRANCISCO, ET AL

DANIEL A. HOROWITZ State Bar No. 92400
Attorney at Law
P.O. Box 1547
Lafayette, California 94549

(925) 932-4107

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

ANDREW COHEN )
    Plaintiff, )
vs. ) No. 3:08-01443 JL
GAVIN NEWSOM, HEATHER FONG )
GO DADDY GROUP INC. and DOES )
1-100 )
    Defendants. )

**Administrative Motion to Consider Whether Cases Should be Related, pursuant to Civil L.R. 7-11**

1

## DECLARATION OF DANIEL HOROWITZ

1. Pursuant to Local Rule Civ. Proc. 3-12, I believe that the present case and Cohen et al v. City and County of San Francisco, 3:07-cv-06208-SI are related cases as the actions concern substantially the same parties and involve aspects of the same transactions and events.

2. On the other hand, I spoke with defense counsel in Cohen v. City and County of San Francisco (Lawrence Hecimovich) about this motion and he believes that the cases have very discreet issues and are not related for purposes of this rule.

3. Before I filed the present case, I spoke with plaintiff's counsel, Waukeen McCoy and he believed my issues were separate from his.

4. Therefore, I make this filing as an officer of the court but not advocating one position or the other.

**Some Related Parties**

5. The cases both have Andrew Cohen suing Heather Fong but the present case involves the Mayor, Gavin Newsom and not the SFPD (although I will probably be adding them due to the discovery of a Patriot Act request sent by the SFPD to defendant Go Daddy). Cohen v. SFPD involves other SF police officers while my lawsuit involves only Andrew Cohen as plaintiff.

**The Same Initiating Events - (But Different Aspects of those Events)**

6. The initiating events were the public display of a comedy video that San Francisco Police Officer Andrew Cohen made (along with approximately 30 other officers who starred in

2

the videos.)

7. Andrew Cohen set up a private website whose URL was not on Google and whose URL was known only to SFPD officers. This gave them a chance to view the videos. The Mayor and Chief of Police learned of this private video and decided that it was racist, sexist, homophobic etc. A major police investigation ensued.

8. Upon learning of the objections to the videos, Andrew Cohen took them off the website and immediately offered to retrieve the four DVD copies that he had distributed. It appeared that this matter was resolved.

9. Days later, Mayor Newsom and Chief Fong called a press conference. With great outrage, they condemned the videos as racist, sexist, homophobic and otherwise offensive. Then, because the videos were so offensive, the Mayor and Chief played them for the press.

10. As the videos played, the press cameras focused on the video screens. Within hours the allegedly terribly offense, allegedly racist, allegedly sexist, allegedly homophobic videos were seen nationwide. Television shows with millions of viewers carried segments of the videos.

11. During this same time the Mayor showed the video to community leaders like the Rev. Amos Brown.

12. Cohen's lawsuit alleges that this type of publicity targeted him personally and labeled him as racist, sexist, homophobic and an overall bad person. He countered by pointing out that he left the Oakland Police Department because in his opinion, that department was racist and he could not work in that environment. This is the type of back and forth issue that will be the focus of our lawsuit.

13. The GoDaddy aspect of the lawsuit involves Cohen's website, "Inside the

3

SFPD.com". Pursuant to the Patriot Act, the SFPD asked GoDaddy to freeze the website. This prevented Cohen from changing his administrative settings.

14. The administrative settings had Cohen's home address displayed. Given the national publicity, Cohen feared that some emotionally unstable person would be stirred by the Mayor and Police Chief's actions and harm Cohen. Cohen was and is the single father of two young girls.

15. GoDaddy will be dismissed from the case within a few hours because the Patriot Act protects them and provides immunity from a lawsuit. (I am aware of attempts to get around this rule but I do not think that they have validity in this case.)

16. I just received the Patriot Act request (a few days ago). I may amend and add the SFPD to this lawsuit.

17. After consultation with Attorney Larry Hecimovich, I believe that the following is also accurate:

The two lawsuits that have been consolidated before Judge Illston, Harmston et al v. CCSF and Chief Heather Fong, N.D. Case No. C 07-01186SI, and Cohen and Lewis v. CCSF and Chief Heather Fong, N. D. Case No. C 07-06208SI, assert claims for race discrimination and retaliation relating to the Department's Management Control Division's investigation of Bayview officers' creation of offensive video vignettes. Accordingly, they are at best tangentially-related to the instant matter, since the Department's investigation of the Go Daddy site was not part of MCD's internal investigation or its subsequent disciplinary recommendations at issue in those cases.

17. In conclusion, I do not think that these cases are unquestionably related but I do think that the local rules require that I file this declaration to bring these matters to the Court's

4

1  attention. I believe that the City Attorney will be file some paperwork with their perspective on
2  this.
3
4       I declare the above to be true and correct under penalty of perjury. Executed this
5  March 18, 2008 at Lafayette, California.
6
7  Dated: March 18, 2008
8
9
10                                    _____
                                      Daniel A. Horowitz
                                      Attorney for Plaintiff

5

# PROOF OF SERVICE

I, Daniel Horowitz declare as follows:

The City Attorney's office of San Francisco represents defendants in both actions referenced herein. ECF notice has been given through the filing of this motion through ECF. I have also personally spoken with and emailed a copy of this motion to Lawrence Hecimovich who is the attorney of record in Cohen v. City and County of San Francisco.

I have also personally spoken with plaintiff's counsel in Cohen v. City and County of San Francisco (Waukeen Q. McCoy) and he is aware of my lawsuit and of this motion. I have emailed a copy of this motion to Mr. McCoy as well.

I declare the above to be true and correct under penalty of perjury. Executed this March 18, 2008 at Lafayette, California.

_____
Daniel Horowitz