1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  WARREN METLITZKY, State Bar # 220758
   Deputy City Attorney
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3916
6  Facsimile:    (415) 554-3837
   E-Mail:       warren.metlitzky@sfgov.org
7

8  Attorneys for Defendants
   GAVIN NEWSOM, HEATHER FONG, AND
9  CITY AND COUNTY OF SAN FRANCISCO, ET AL

10

11                   UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13  ANDREW COHEN,                        USDC No. CV-08-1443 SI

14          Plaintiff,                   **DEFENDANTS' REPLY MEMORANDUM**

15      vs.                              **[F. R. CIV. P. 12(B)(6)]**

16  GAVIN NEWSOM, HEATHER FONG,
    CITY AND COUNTY OF SAN               Judge:         Hon. Susan Illston
17  FRANCISCO, GO DADDY GROUP,           Hearing Date:  May 23, 2008
    INC. and DOES 1-100,                 Time:          9:30 A.M.
18                                       Place:         Crtrm. 10, 19th Floor
            Defendants.
19                                       Trial Date:    Not Set

# REPLY MEMORANDUM OF POINTS & AUTHORITIES

## INTRODUCTION

Defendants City and County of San Francisco, Mayor Gavin Newsom, and Police Chief Heather Fong (collectively "San Francisco defendants" or "defendants") have moved to dismiss a number of Plaintiff Andrew Cohen's ("Cohen") claims pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, defendants moved on the grounds that Cohen:

(1) fails to state a conspiracy claim under 42 U.S.C. Sections 1983 and 1985;

(2) fails to state a claim for "making public private information";

(3) fails state a claim for deprivation of property under the Fifth Amendment;

(4) may not seek punitive damages against the City and County of San Francisco; and

(5) fails to state a claim against the moving defendants as to the Second and Third Causes of action for general negligence and intentional tort.

Cohen's eight page opposition entitled "response" to the defendants' motion completely misses the mark. In fact, he does not respond to any of the issues listed above. Instead, he contends that he has properly stated a claim under both the First and Fourth Amendment. Neither amendment is at issue in the present motion. As plaintiff concedes all of defendants' arguments, the Court should grant defendant's motion to dismiss in its entirety.

## DISCUSSION

### I. COHEN FAILS TO STATE A CLAIM FOR CONSPIRACY UNDER SECTION 1985 AND SECTION 1983.

Defendants argue that Cohen's First Cause of Action fails because he does not state a conspiracy claim under Section 1985 and cannot state such a claim under Section 1983.

Cohen's silence on this issue effectively concedes that his claim pursuant to Section 1985 fails to allege racial or class-based animus and thus fails to state a conspiracy claim. Cohen also concedes that no liability can lie against Chief Fong and Mayor Newsom for conspiracy under Section 1983 because the law requires that they be personally involved in the constitutional deprivation. Instead, Cohen responds that "Newsom and Fong [a]cted [d]irectly." Resp. at 6. The City did not move to dismiss claims against Newsom and Fong based on their individual actions. Rather the City contends

that Chief Fong and Mayor Newsom cannot be held liable for the actions of others. Plaintiff concedes the point.

Accordingly, the Court should dismiss plaintiff's First Cause of Action for conspiracy.

## II. COHEN FAILS TO STATE A CLAIM FOR "MAKING PUBLIC PRIVATE INFORMATION"

Defendants move to dismiss Cohen's claim for "making public private information" on the grounds that there is no such constitutional claim and that the information at issue was not private. Cohen fails to address the first issue entirely, and the Court should grant defendants' motion as to this cause of action on that basis alone. But even if such a claim existed, Cohen concedes that the information is not private. He does not dispute that it was posted on a publicly available website for viewing by others. Resp. at 2. Consequently, to the extent that Cohen's complaint attempts to state a constitutional claim for "making public private information," it should be dismissed.

## III. COHEN FAILS TO STATE A CLAIM UNDER THE FIFTH AMENDMENT FOR DEPRIVATION OF PROPERTY.

The City argues that Cohen fails to state a claim under the Fifth Amendment. Cohen fails to address the Fifth Amendment in his Response. Because he has not stated—and cannot state—a claim for deprivation of property without due process under the Fifth Amendment, that claim should be dismissed.

## IV. COHEN CANNOT SEEK PUNITIVE DAMAGES AGAINST THE SAN FRANCISCO POLICE DEPARTMENT.

Defendants argue that Cohen cannot seek punitive damages against the San Francisco Police Department or the City of San Francisco because they are a municipality. Cohen concedes that he is not seeking punitive damages against these entities. Resp. at 8.

## V. THE SECOND AND THIRD CAUSES OF ACTION FAIL TO STATE A CLAIM AGAINST THE MOVING DEFENDANTS.

The City moved to dismiss Cohen's Second and Third Causes of Action, which allege state law claims of general negligence and intentional tort, but fail to name any of the San Francisco

1  Defendants.  Cohen's response fails to address this issue, and the Court should dismiss these causes of
2  action.

## CONCLUSION

For the foregoing reasons, the Court should grant the motion to dismiss in its entirety.

Dated:  May 9, 2008

               DENNIS J. HERRERA
               City Attorney
               JOANNE HOEPER
               Chief Trial Deputy
               WARREN METLITZKY
               Deputy City Attorney


By:         /s/
          WARREN METLITZKY

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG AND GAVIN NEWSOM