IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW COHEN, | No. C 08-01443 SI |
| Plaintiff, | **ORDER GRANTING IN PART DEFENDANTS' MOTION TO DISMISS** |
| v. | |
| GAVIN NEWSOM, HEATHER FONG, CITY AND COUNTY OF SAN FRANCISCO, GO DADDY GROUP, INC., and DOES 1-100, | |
| Defendants. | |

Defendants have filed a motion to dismiss certain claims raised in plaintiff's complaint. The motion is scheduled for hearing on May 23, 2008. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter appropriate for resolution without oral argument, and hereby VACATES the hearing. Having considered the arguments of the parties and the papers submitted, and for good cause shown, the Court hereby GRANTS IN PART plaintiffs' motion to dismiss.

**BACKGROUND[1]**

On November 27, 2007, plaintiff Andrew Cohen, a San Francisco police officer, filed a complaint in state court against San Francisco Mayor Gavin Newsom, San Francisco Police Chief Heather Fong, Go Daddy Group, Inc., and the City and County of San Francisco. The complaint alleges that defendants violated plaintiff's civil rights and committed other wrongful acts in connection with a public dispute involving a video plaintiff made parodying the work of police officers. In response to

---

[1] All background facts are taken from the allegations of plaintiff's complaint.

the video, Mayor Newsom and Chief Fong appeared at a press conference where they displayed portions of the video and labeled the video racist, sexist, and homophobic. The video had at one time been posted on plaintiff's website, which was hosted by the Go Daddy Group. The complaint alleges that the San Francisco Police Department ("SFPD") sent a "Letter of Preservation" to Go Daddy requesting that no changes be allowed to plaintiff's website. Plaintiff had already removed the video, at the request of the SFPD, prior to the time the SFPD sent the "Letter of Preservation." Plaintiff learned of the alleged "freeze" on his website when he attempted to access his Go Daddy account in order to remove his home address from a publicly-accessible area. Go Daddy told plaintiff that he would not be able to access his website account and would have to contact the legal department to discuss the problem. Plaintiff alleges that he feared for his safety because his home address was available to the public at a time when defendants were publicly criticizing his video.

Plaintiff's complaint alleges three causes of action: (1) a federal civil rights claim; (2) a negligence claim against defendant Go Daddy Group; and (3) an intentional tort claim against Go Daddy Group. The first cause of action appears to allege that defendants engaged in a civil conspiracy against plaintiff in violation of 42 U.S.C. § 1985 and 42 U.S.C. § 1983, violated plaintiff's First Amendment rights by freezing his access to his Go Daddy account, violated plaintiff's Fourth Amendment rights by seizing his Go Daddy account, and deprived plaintiff of property without due process of law in violation of the Fifth and Fourteenth Amendments. It appears that all the claims relate directly to the alleged freeze on plaintiff's Go Daddy account, not to statements made by Mayor Newsom and Chief Fong about plaintiff or his video.

Defendants removed the suit to this Court on March 13, 2008, and on March 18, 2008 plaintiff voluntarily dismissed defendant Go Daddy Group. Now before the Court is defendants' motion to dismiss some of the claims alleged in plaintiff's complaint.

**LEGAL STANDARD**

Under Federal Rule of Civil Procedure 12(b)(6), a district court must dismiss a complaint if it fails to state a claim upon which relief can be granted. The question presented by a motion to dismiss is not whether the plaintiff will prevail in the action, but whether the plaintiff is entitled to offer

2

evidence in support of the claim. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

In answering this question, the Court must assume that the plaintiff's allegations are true and must draw all reasonable inferences in the plaintiff's favor. *See Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987). Even if the face of the pleadings suggests that the chance of recovery is remote, the Court must allow the plaintiff to develop the case at this stage of the proceedings. *See United States v. City of Redwood City*, 640 F.2d 963, 966 (9th Cir. 1981). Dismissing a complaint for failure to state a claim is proper only "if it appears beyond doubt" that the plaintiff "can prove no set of facts which would entitle him to relief." *Vazquez v. L.A. County*, 487 F.3d 1246, 1249 (9th Cir. 2007) (internal quotation marks omitted).

If the Court dismisses the complaint, it must then decide whether to grant leave to amend. The Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (citations and internal quotation marks omitted).

## DISCUSSION

Defendants move to dismiss a number of claims alleged in plaintiff's complaint. Plaintiff apparently concedes that dismissal of many of these claims is appropriate because plaintiff's opposition is, for the most part, non-responsive to defendants' motion. The Court will address each of defendants' contentions in turn.

### I.   Conspiracy claims under 42 U.S.C. §§ 1983 and 1985

Defendants first argue that plaintiff's conspiracy claims should be dismissed for failure to state a claim. Defendants correctly argue that to allege a conspiracy claim under 42 U.S.C. § 1985, a plaintiff must demonstrate "a deprivation of [a legally-protected] right motivated by 'some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992) (quoting *Griffith v. Breckenridge*, 403 U.S. 88,

102 (1971)). Here, plaintiff has failed to allege any racial or other protected-class animus by defendants, and plaintiff's opposition to this motion makes no attempt to correct this deficiency. The Court therefore holds that plaintiff's § 1985 claim must be dismissed.

Defendants also argue that plaintiff cannot maintain a conspiracy claim under 42 U.S.C. § 1983 because plaintiff has not alleged that the individual defendants caused or personally participated in causing injury to plaintiff. *See Jones v. Williams*, 297 F.3d 930, 934-35 (9th Cir. 2002). Plaintiff argues in response that he has alleged that Mayor Newsom and Chief Fong were personally involved in the alleged conspiracy to deprive him of his constitutional rights because they gave the press conference and directed Go Daddy to freeze plaintiff's access to his website. Complaint at ¶ 20. Although it is not entirely clear whether plaintiff's complaint sets forth a conspiracy claim under § 1983 – as opposed to under § 1985 – the Court agrees with plaintiff that his complaint adequately alleges direct involvement by defendants Newsom and Fong, and thus denies defendants' motion to dismiss on this ground.

## II.     Publication of private information claims

Defendants next ask the Court to dismiss any claim that might be alleged in plaintiff's complaint for making public plaintiff's private information. It is not clear whether the complaint states a claim for relief for making public plaintiff's private information, but the complaint does allege that defendants published videos produced by plaintiff, Complaint at ¶¶ 8-10, and prevented him from de-publicizing his home address, *see id.* ¶¶ 20, 22. Defendants argue that to the extent plaintiff's complaint seeks relief for these claims, they should be dismissed because plaintiff did not have a constitutional right to keep his videos or home address private and because plaintiff had no expectation of privacy in the videos and home address, in part because they were not in fact private. Without reaching the first constitutional question posed by defendants, the Court agrees that these claims, if indeed plaintiff intended to assert them, must be dismissed because plaintiff cannot assert an expectation of privacy in the information at issue.

Plaintiff's complaint confirms that his videos were available on his website before he removed them at the request of the SFPD, Complaint at ¶ 15, and that his home address was also available "through his Go Daddy Group, Inc. listing," *id.* ¶¶ 16-17. Plaintiff does not dispute that his home

4

address was already publicly available because he conveyed it to Go Daddy when he registered his website; nor does plaintiff dispute that he lacks an expectation of privacy in his home address. *See generally Smith v. Maryland*, 442 U.S. 735, 743-44 (1979) (holding that there is no expectation of privacy in the telephone numbers one dials and explaining that "[t]his Court consistently has held that a person has no legitimate expectation of privacy in information he voluntarily turns over to third parties"). Plaintiff's only argument with regard to the publication of his private information is that the videos were not publicly available because they were never indexed on Google and could not be found unless a person knew the exact URL of the website. Assuming this allegation is true, it does not alter the fact that the videos were posted on the Internet where anyone in plaintiff's precinct – and presumably anyone who received a link from members of plaintiff's precinct, as well as anyone who stumbled upon plaintiff's website – could view them. *See* Plaintiff's Opposition at 2. For these reasons, the Court dismisses plaintiff's potential claims of publication of private information.

### III.  Deprivation of property claims

Defendants move to dismiss plaintiff's claims for deprivation "of property without due process of law in violation of the Fifth and Fourteenth Amendments." Complaint at ¶ 21. Defendants argue that this state procedural due process claim must be brought under the Fourteenth, not the Fifth, Amendment, and also argue that to the extent plaintiff asserts a Fifth Amendment takings claim, it must be dismissed because the complaint fails to allege any elements of a takings claim. Plaintiff makes no attempt to respond to these arguments in his opposition. The Court agrees with defendants that plaintiff's procedural due process claim may be brought against these non-federal defendants only under the Fourteenth Amendment, and also finds that plaintiff's complaint does not actually seek relief under the takings clause of the Fifth Amendment. The Court therefore dismisses plaintiff's Fifth Amendment due process claim, leaving in place a procedural due process claim under the Fourteenth Amendment.

### IV.  Punitive damages against municipal defendant

Defendants argue that plaintiff may not seek punitive damages against the City and County of San Francisco. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiff concedes

that he is seeking punitive damages only against individual defendants Newsom and Fong, and thus the Court dismisses plaintiff's claim for punitive damages to the extent that it seeks such damages against the municipal defendant.

## V.    Claims against Go Daddy Group, Inc.

Finally, defendants ask the Court to dismiss plaintiff's second and third causes of action, which allege state law claims against the Go Daddy Group. The Court agrees that because plaintiff dismissed Go Daddy as a defendant in this case, the second and third causes of action must be dismissed.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court hereby GRANTS defendants' motion to dismiss plaintiff's claims alleging a conspiracy under 42 U.S.C. § 1985, publication of private information, deprivation of property under the Fifth Amendment, punitive damages against defendant San Francisco, and general negligence and intentional tortious conduct. The claims are dismissed WITHOUT LEAVE TO AMEND because plaintiff has made no showing that additional pleading can cure the defects of his complaint. The Court also DENIES defendants' motion to dismiss plaintiff's conspiracy claim brought under 42 U.S.C. § 1983. [Docket No. 17]. **Plaintiff is ordered to file an amended complaint, consistent with the rulings in this order, on or before June 6, 2008.**

**IT IS SO ORDERED.**

Dated: May 21, 2008

SUSAN ILLSTON
United States District Judge