DANIEL A. HOROWITZ State Bar No. 92400
Attorney at Law
P.O. Box 1547
Lafayette, California 94549

Attorney for Andrew Cohen

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

ANDREW COHEN,

        Plaintiff,

vs.

GAVIN NEWSOM,
HEATHER FONG,
CITY AND COUNTY OF
SAN FRANCISCO,
and DOES 1-100

        Defendants
_____/

No.   CV-08-1443 SI

**FIRST AMENDED COMPLAINT**

**(Civil Conspiracy - 42 U.S.C. 1983)**

## FIRST CAUSE OF ACTION

**(Civil Conspiracy to Violate Civil Rights - 42 U.S.C. 1983)**

1.

Andrew Cohen is a police officer working for the City of San Francisco.  He is also a resident of Alameda County California.

2.

Gavin Newsom is the Mayor of San Francisco and he acted in that capacity during all times set forth herein.

3.

Heather Fong is the police chief of San Francisco, California and she acted in that capacity during all times set forth herein.

4.

Go Daddy Group, Inc. is an Arizona Corporation which provides website domain names and hosts web sites.  Go Daddy Group, Inc. provided these services to Andrew Cohen for a fee.  The website referred to in this lawsuit was owned by Andrew Cohen with all services provided by Go Daddy Group, Inc.

5.

The San Francisco Police Department is an entity directly supervised by Heather Fong and part of the City and County of San Francisco.

6.

In violation of 42 U.S.C. 1983, Gavin Newsom entered into a civil conspiracy to harm Andrew Cohen.  He entered into this conspiracy with Heather Fong and members of the San Francisco police department as well as Does 1-100.  Does 1-100 includes any advisors who helped plan the media campaign of Andrew Cohen.   The true names and capacities of Does 1-

1  100 are presently unknown.  When such names and capacities are ascertained, this complaint
2  shall be amended to reflect the same.

3                                              7.

4       All actions of the San Francisco Police department were done at the instruction and
5  insistence of Gavin Newsom and Heather Fong while acting under the ostensible authority as
6  Mayor and Police Chief of San Francisco, respectively.

7                                              8.

8       During the time period herein, Gavin Newsom was drinking alcohol to excess and to a
9  meaningful extent this clouded his judgment.  This fact was admitted by Gavin Newsom to
10 explain his affair with Ruby Rippey-Tourk, the wife of one of his closest friends and advisor,
11 Alex Tourk.   Heather Fong and others conspirators herein, knew or should have known that at
12 the relevant times herein, Gavin Newsom's judgment was impaired by alcohol abuse and she
13 should have exerted independent judgment in matters involving illegal or improper conduct
14 (when directed by Newsom).

15                                             9.

16      During the time period herein, Heather Fong was serving as police chief of San
17 Francisco and despite knowing that her actions were wrongful, she improperly released to the
18 public, information which related to police disciplinary matters.   She did this in concert with
19 Gavin Newsom and did so knowing (or she should have known), her actions were illegal and
20 that any order by Gavin Newsom to act in this illegal fashion was improper and would not be
21 excused simply because she was following orders.

22                                             9.

23      Each of the defendants, Gavin Newsom, Heather Fong and the San Francisco Police
24 Department, knowingly and deliberately made a public display of a video in public and to the
25 press, which was made by Andrew Cohen and which Fong and Newsom labeled as racist, sexist,
26 and homophobic.

27

28                                             2

10.

Heather Fong and Gavin Newsom also revealed the contents of the video and played the video for the Rev. Amos Brown.  Heather Fong has (under oath) denied doing this but the Rev. Brown has directly contradicted her.

11.

The actions of Gavin Newsom and Heather Fong were done in their official governmental capacities.  The intention of their actions were to create a political event that would label them as anti-racist, anti-sexist, anti-homophobic.  The victim of this political grandstanding was Andrew Cohen the video director and producer who was not racist, homophobic nor sexist but simply a police officer poking fun at himself and the officers who were his friends.  In other words, it was self deprecating satire.

12.

In politicizing the video, making it public, making it a national news story, showing it to the press and to individuals such as the Rev. Amos Brown, each of the defendants Newsom and Fong, knew that there would be major implications and pressures applied to Andrew Cohen in the public (not private).  Pressures could include criticism, protests, hate mail and potentially attacks on his life.

13.

The San Francisco Police Department took Andrew Cohen's gun within hours of the press conference by Newsom and Fong.  This made Andrew Cohen less able to protect himself against a physical assault.

14.

During this time period, the San Francisco Police Department contacted the company that hosted Andrew Cohen's website.  Despite not seeking to secure a search warrant, the San Francisco Police Department made a demand upon Go Daddy to freeze Andrew Cohen's website.       The demand was made pursuant to 18 U.S.C. 2703(f).

3

15.

The seizure was an unconstitutional act done as part of the broader campaign to harm Andrew Cohen and to advance a political agenda of Gavin Newsom, Heather Fong and others.

16.

The demand pursuant to 18 U.S.C. 2703(f) was without legal basis to believe that a search warrant would or could ultimately issue.  Plaintiff is informed and believes that no attempt was ever made to obtain a search warrant for the information that was frozen under 18 U.S.C. 2703(f).

17.

The freezing of Andrew Cohen's website constitutes a taking of property without lawful basis in violation of the Fourteenth Amendment to the United States Constitution.

18.

The freezing of the website caused Andrew Cohen to suffer damages which include the inherent harm in the violation of his constitutional rights as well as additional general and special damages.  All of these damages were proximately and legally caused by the constitutional violation as set forth herein.

19.

The damages from the illegal conduct caused Andrew Cohen to fear for his safety and for the safety of his children.

20.

Newsom and Fong sought to use the issue of the videotapes to advance their political careers and in doing so took actions that were irresponsible and in violation of the law (as set forth more fully herein).

21.

For the reasons and in the context set forth above, the costitutional violation caused Andrew Cohen particular anguish and pain.  The illegal seizure of property was part of an

4

overall campaign to discredit Andrew Cohen and to harm him.

**Punitive & Exemplary Damages Against Individual Defendant's Only**

22.

The conduct of Gavin Newsom and Heather Fong was wanton, wilful, malicious and done with a conscious disregard for the rights of Andrew Cohen. The harm caused by the constitutional violation was deliberate and was exacerbated by the other conduct of Newsom and Fong which exposed Cohen to public ridicule and public excoriation. To the extent that the website was frozen, Andrew Cohen was prevented from responding on his website, to the allegations against him. He was further prevented from removing personal information which though potentially accessible by other means, was most easily located at that website location.

23.

Therefore, plaintiff seeks punitive and exemplary damages against defendants Newsom and Fong.

**Attorney Fee Request**

24.

Andrew Cohen seeks attorney's fees and costs according to proof. Attorney's fees would be provided under 42 USC 1981 et seq. Costs include expert witness fees.

**Jury Trial Demand**

25.

Andrew Cohen requests a jury trial.

Wherefore plaintiff seeks damages as follows:

5

**Against the City & County of San Francisco**

1. General damages according to proof;
2. Special damages according to proof;
3. Attorney's Fees according to proof;
4. Costs according to proof;
5. Such other and further relief as the Court deems proper.

**Against Gavin Newsom, Heather Fong**

1. General damages according to proof;
2. Special damages according to proof;
3. Attorney's Fees according to proof;
4. Costs according to proof;
5. Punitive and exemplary damages according to proof;
6. Such other and further relief as the Court deems proper.

Dated: May 24, 2008

_____
Daniel Horowitz
Attorney for Andrew Cohen