DENNIS J. HERRERA, State Bar #139669
City Attorney
JOANNE HOEPER, State Bar #114961
Chief Trial Attorney
WARREN METLITZKY, State Bar # 220758
Deputy City Attorney
1390 Market Street, 6th Floor
San Francisco, California 94102-5408
Telephone:    (415) 554-3916
Facsimile:     (415) 554-3837

Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
GAVIN NEWSOM, AND HEATHER FONG

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW COHEN,<br><br>             Plaintiff,<br><br>     vs.<br><br>GAVIN NEWSOM, HEATHER FONG, CITY AND COUNTY OF SAN FRANCISCO, GO DADDY GROUP, INC. and DOES 1-100,<br><br>             Defendants. | Case No. CV-08-1443 SI<br><br>**ANSWER TO COMPLAINT FOR DAMAGES ON BEHALF OF DEFENDANTS CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY), AND GAVIN NEWSOM (IN HIS OFFICIAL CAPACITY ONLY)**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Trial Date:   None set |

     Defendants City and County of San Francisco, Heather J. Fong, in her official capacity only, and Gavin Newsom, in his official capacity only hereby respond to Plaintiff's Complaint ("Complaint") for damages as follows.

ANSWER TO COMPLAINT
CASE NO. C08-1443 SI                                1                                n:\lit\li2008\080918\00489856.doc

# PARTIES

1. Defendants admit that at the time of the incidents alleged in the complaint, Andrew Cohen was employed by the City and County of San Francisco. With respect to the remainder of this paragraph, Defendants deny on the basis of lack of sufficient information to admit.

2. Defendants admit that Gavin Newsom is the Mayor of San Francisco. With respect to the remainder of this paragraph the allegations are too vague and non-specific to either admit or deny and on that basis are denied.

3. Defendants admit that Heather Fong is the Chief of Police of San Francisco. With respect to the remainder of this paragraph the allegations are too vague and non-specific to either admit or deny and on that basis are denied.

4. Defendants do not have sufficient information to either admit or deny the allegations in this paragraph.

5. Defendants admit that the San Francisco Police Department is a part of the City and County of San Francisco and that Heather Fong is the Chief of Police. With respect to the remainder of this paragraph the allegations are too vague and non-specific to either admit or deny and on that basis are denied.

6. Defendants deny in part, and deny in part on the basis of lack of sufficient information to admit.

7. The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

8. The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

9. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit.

10. The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

11. The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

12. The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

13. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit.

14. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit

15. With respect to this paragraph, Defendants deny in part and deny in part on the basis of lack of sufficient information to admit.

16. With respect to this paragraph, Defendants admit in part, deny in part, and deny in part on the basis of lack of sufficient information to admit

17. With respect to this paragraph, Defendants deny in part and deny in part on the basis of lack of sufficient information to admit.

18. With respect to this paragraph Defendants lack sufficient information to either affirm or deny and on that basis this allegation is denied.

19. With respect to this paragraph Defendants lack sufficient information to either affirm or deny and on that basis this allegation is denied.

20. The allegations in this paragraph are too vague and non-specific to either admit or deny and on that basis are denied.

21. With respect to this paragraph Defendants lack sufficient information to either affirm or deny and on that basis this allegation is denied.

22. Defendants deny in part, and deny in part on the basis of lack of sufficient information to admit.

23. These allegations set forth Plaintiff's legal claims and Plaintiff's interpretation of the law, to which no response is required.

24. These allegations set forth Plaintiff's legal claims and Plaintiff's interpretation of the law, to which no response is required.

**JURY DEMAND**

25. Defendants hereby demand a jury trial.

**SEPARATE AFFIRMATIVE DEFENSES**

AS AND FOR A FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that said Complaint fails to state facts sufficient to constitute a cause of action against these answering Defendants.

AS AND FOR A SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the alleged injuries and damages of which Plaintiff complains in the Complaint herein were the proximate result of the sole negligence, acts, omissions or conduct of others, including, but not limited to, Plaintiff.

AS AND FOR A THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Plaintiff knowingly, voluntarily, and unreasonably assumed the risk of the conduct, event, and matters alleged in the Complaint and any damage or injury, if any there were, sustained by the Plaintiff was the proximate result of the risks so assumed.

AS AND FOR A FOURTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that if in fact any action was taken against Plaintiff, said action was privileged by law, and any recovery pursuant to said action is barred.

AS AND FOR A FIFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that at all times relevant to Plaintiff's Complaint herein, Plaintiff knowingly, voluntarily and willingly consented to the actions alleged.

AS AND FOR A SIXTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that members of the San Francisco Police Department are immune from any liability therein under the common law doctrine of immunity of police officers executing statutes in good faith, which statutes are presumed valid at the time of such execution.

AS AND FOR A SEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege as follows:

A.   That at all times mentioned in Plaintiff's Complaint herein, Defendant City and County of San Francisco was and is a municipal corporation duly organized and existing by virtue of the laws of the State of California;

B.   That at all times mentioned in Plaintiff's Complaint herein, the City's agents were peace officers and police officers of the City and County of San Francisco; and at all times so mentioned were acting in the course and scope of their public office, service and employment;

C.   That at all times mentioned in Plaintiff's Complaint herein, the City's agents acted in accordance with and pursuant to §§834, 834a 835, 835a, and 835 of the California Penal Code;

D.   That at all times mentioned in Plaintiff's Complaint herein, police officers of the City and County of San Francisco had reasonable and probable cause to believe that Plaintiff committed one or more violations of the California Penal Code and/or probable cause to seize Plaintiff's property;

E.   That at all times mentioned in Plaintiff's Complaint herein, police officers of the City and County of San Francisco were acting in good faith and without malice pursuant to the provisions of §§815, 815.2, 818, 820, 820.2, 820.4, 820.6, 820.8, 821 of the California Government Code;

F.   That as a consequence of the foregoing, Defendants and police officers of the City and County of San Francisco are immune from liability herein, and that the Plaintiff's cause or causes of action, if any, are barred by law.

AS AND FOR A EIGHTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Plaintiff acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the Complaint; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and damages, if any, sustained or claimed by Plaintiff; that as a consequence, Plaintiff's claim is barred.

AS AND FOR A NINTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the fault of persons other than

1  Defendants or their agents contributed to and proximately caused the occurrence; and that under the
2  principles formulated in the case of *American Motorcycle Association v. Superior Court* (1978) 20
3  Cal.3d 578, Defendants pray that the percentage of such contribution be established by special verdict
4  or other procedure, and that Defendants' ultimate liability be reduced to the extent of such
5  contribution.

6      AS AND FOR A TENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
7  THE COMPLAINT, these answering Defendants allege that Plaintiff has failed to make out a cause
8  of action under 42 U.S.C. § 1983 against any Defendant in this action, and specifically has failed to
9  make out a claim for relief based on a *Monell* violation with regard to these answering Defendants.

10     AS AND FOR A ELEVENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE
11 TO THE COMPLAINT, these answering Defendants allege that the peace officers were at all times
12 material hereto acting with both subjective and objective good faith, such that any claim for relief that
13 Plaintiff may have is barred by law.

14     AS AND FOR A TWELFTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO
15 THE COMPLAINT, these answering Defendants allege that the Complaint, and each cause of action
16 therein, is barred by the California Tort Claims Act, including but not limited to Government Code
17 Sections 815(b); 815.2(b); 815.4; 818; 818.2; 818.4; 818.6; 818.7; 818.8; 820; 820(b); 820.2; 820.4;
18 820.8; 821; 821.2; 821.4; 821.6; 821.8; 822; 822.2; 830.2; 830.4; 830.5; 830.6; 830.8; 830.9; 831;
19 831.2; 831.4; 835.4; 840; 840.6; 844.6; 845; 845.2; 845.4; 845.6; 845.8; 846; 850; 850.2; 850.4;
20 854.8; 855; 855.2; 855.4; 855.6; 855.8; 856; 856.2; 856.4; and the California Penal Code including,
21 but not limited to Penal Code Sections 142, 143, 148, 409, 834a, 834, 834a, 835, 835a, 836, 844, 845,
22 847, 849, 1531 and 1532; and by California Welfare & Institutions Code Section 5278, California
23 Civil Code Section 1714.2, California Health & Safety Code Sections 1799.104 and 1799.106; and
24 other appropriate provisions of law and each of said sections.

25     AS AND FOR A THIRTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE
26 TO THE COMPLAINT, these answering Defendants allege that the Complaint, and each cause of
27 action therein, is barred by the statutes of limitation as set forth in Section 945.6 of the California
28 Government Code, and California Code of Civil Procedure Sections 312, *et seq.* and 335, *et seq.*

ANSWER TO COMPLAINT       6      n:\lit\li2008\080918\00489856.doc
CASE NO. C08-1443 SI

AS AND FOR A FOURTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that at all times mentioned in the Complaint, Defendants, their agents, officers and employees, had reasonable cause to investigate the matters at issue in the Complaint, and probable cause to seize Plaintiff's property.

AS AND FOR A FIFTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that the Complaint fails to state a cause of action under the provisions of the United States Constitution cited by the Plaintiff and applicable to this action.

AS AND FOR A SIXTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Defendants, their agents, officers and employees, in no way acted with malice or bad faith, nor did they intend to harm or deprive Plaintiff of any rights.

AS AND FOR A SEVENTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Defendants, their employees, agents and officers, in no way based their treatment of Plaintiff on any group or identification to which he might belong including race, gender, sexual orientation, political affiliation, political beliefs, or any other classification.  At all times, Defendants and their agents acted properly in valid law enforcement activities.

AS AND FOR A EIGHTEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Defendants, their employees, agents and officers, enjoy qualified immunity against each and every one of Plaintiff's federal claims.

AS AND FOR A NINETEENTH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that it is immune, under Government Code §818, from any assessment of punitive damages.

AS AND FOR A TWENTIETH, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that Defendants, their agents, officers and employees, are immune from any liability and protected against the burden of litigation under the

doctrine of qualified immunity and the common law immunities protecting peace officers and public officials.

AS AND FOR AN TWENTY-FIRST, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants allege that at all times mentioned in Plaintiff's Complaint herein, Defendant's actions, and the actions of its employees, were subjectively and objectively reasonable so as to entitle them to absolute or qualified immunity for any acts within the scope of their employment herein.

AS AND FOR A TWENTY- SECOND, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, these answering Defendants plead that they have no liability to Plaintiff as a result of the doctrines of Res Judicata, Collateral Estoppel, Unclean Hands, Laches, Plea In Abatement, Intervening/Supervening Cause, Lack of Proximate Causation.

AS AND FOR A TWENTY-THIRD, SEPARATE AND DISTINCT AFFIRMATIVE DEFENSE TO THE COMPLAINT, the Plaintiff has failed to exhaust his administrative and other state remedies.

WHEREFORE, Defendants CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY), AND MAYOR GAVIN NEWSOM (IN HIS OFFICIAL CAPACITY ONLY) pray for judgment against Plaintiff as follows:

1. That Plaintiff take nothing by his Complaint;
2. That judgment be entered in favor of Defendants;
3. That Defendants CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY), AND MAYOR GAVIN NEWSOM (IN HIS OFFICIAL CAPACITY ONLY) be dismissed from this action;
4. That Defendants CITY AND COUNTY OF SAN FRANCISCO, CHIEF HEATHER FONG (IN HER OFFICIAL CAPACITY ONLY), AND MAYOR GAVIN NEWSOM (IN HIS OFFICIAL CAPACITY ONLY) be awarded its costs of suit, including reasonable attorney's fees; and

////

////

5. For such other and further relief as this Court may deem just.

Dated: June 11, 2008

DENNIS J. HERRERA
City Attorney
JOANNE HOEPER
Chief Trial Deputy
WARREN METLITZKY
Deputy City Attorney

By: /s/ Warren Metlitzky
WARREN METLITZKY

Attorneys for Defendants CITY AND COUNTY OF SAN FRANCISCO, MAYOR GAVIN NEWSOM, AND CHIEF HEATHER FONG

**DEMAND FOR JURY TRIAL**

    Defendants demand a trial by jury on all counts of Plaintiff's Complaint.

Dated:  June 11, 2008

                      DENNIS J. HERRERA
                      City Attorney
                      JOANNE HOEPER
                      Chief Trial Deputy
                      WARREN METLITZKY
                      Deputy City Attorney


                 By:  /s/ Warren Metlitzky
                      WARREN METLITZKY

                      Attorneys for Defendants CITY AND COUNTY OF
                      SAN FRANCISCO, MAYOR GAVIN NEWSOM,
                      AND CHIEF HEATHER FONG