1  DENNIS J. HERRERA, State Bar #139669
   City Attorney
2  JOANNE HOEPER, State Bar #114961
   Chief Trial Deputy
3  WARREN METLITZKY, State Bar # 220758
   Deputy City Attorneys
4  Fox Plaza
   1390 Market Street, 6th Floor
5  San Francisco, California 94102-5408
   Telephone:    (415) 554-3916
6  Facsimile:    (415) 554-3837
   E-Mail:       warren.metlitzky@sfgov.org

Attorneys for Defendants
GAVIN NEWSOM, HEATHER FONG, AND
CITY AND COUNTY OF SAN FRANCISCO, ET AL


DANIEL A. HOROWITZ State Bar No. 92400
Attorney at Law
P.O. Box 1547
Lafayette, California 94549

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| ANDREW COHEN, | USDC No. CV-08-1443 SI |
|---|---|
| Plaintiff, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| vs. | |
| GAVIN NEWSOM, HEATHER FONG, CITY AND COUNTY OF SAN FRANCISCO, GO DADDY GROUP, INC. and DOES 1-100, | Judge:         Hon. Susan Illston<br>Hearing Date:  July 18, 2008<br>Time:          2:00 P.M.<br>Place:         Crtrm. 10, 19th Floor |
| Defendants. | Trial Date:    Not Set |

In response to this Court's Case Management Conference Order, the parties submit the following Joint Case Management Statement.

1. **Jurisdiction and Service**

Plaintiff invokes federal question jurisdiction under 28 U.S.C. § 1331 and § 1343. He sues for damages under 42 U.S.C. § 1983, alleging violation of his civil rights. Defendants do not contest personal jurisdiction or venue.

2. **Facts**

<u>Plaintiff's Statement of Facts</u>

Plaintiff alleges the following:

The Mayor and Chief of Police used the San Francisco Police Department to freeze access to Andrew Cohen's website (www.insidethesfpd.com) so that he could not change his administrative settings. This prevented him from hiding his home address. During the time that this took place, the Mayor and Chief of Police were launching a national media campaign that included assertions that the maker of a "Comedy Video" was promulgating racist, sexist, homophobic (etc.) materials on that website. Andrew Cohen perceived a danger to himself and his children by having his home address available on the internet. During this same time, Chief Fong ordered that Andrew Cohen not be allowed to carry a gun.

The statutory power to "freeze" an internet account is limited to freezing while a search warrant is being sought. No warrant was being sought when defendants ordered the freezing. In addition, there was never any good faith belief that the site needed to be "frozen". All content was available to defendants and the purpose in freezing (preserving evidence) was non-existent.

Therefore plaintiff was deprived of his constitutional rights under the Fourth and Fourteenth Amendments.

<u>Defendants' Statement of Facts</u>

This lawsuit was brought for the sole purpose of antagonizing the Mayor and the Chief of Police of San Francisco. It is a misuse of the judicial process, and is nothing more than a vehicle for plaintiff's ongoing campaign to embarrass these public figures. This action was filed only after this Court denied plaintiff's demand to depose Mayor Newsom in one of the many other actions by

1  plaintiff against the City and County of San Francisco.  Moreover, plaintiff already possesses
2  documents that demonstrate that this action is without merit (*i.e.* the evidence preservation letter from
3  SFPD to plaintiff's website hosting service insisting that plaintiff's service not be disrupted).  Yet
4  despite this documentary evidence, plaintiff continues to use this lawsuit to harass the Mayor and the
5  Chief of Police.

6  On its face, this action centers around SFPD's use of a run-of-the-mill investigative tool:  a
7  digital evidence preservation letter sent to the company that hosts plaintiff's website.  Plaintiff
8  alleges—incorrectly—that defendants "froze" his website, *www.insidetheSFPD.com*, which contained
9  a number of videos produced and directed by him.   The videos are commonly referred to as the
10  "Bayview Videos" and contain skits involving uniformed SFPD officers and SFPD property.  The
11  Bayview Videos were publicly available on Plaintiff's website before he removed them, and were
12  viewed by others, including members of the SFPD.

13  On December 6, 2006, it came to SFPD Chief Fong's attention that plaintiff had made
14  available on his website a number of videos involving SFPD officers.  Chief Fong viewed the videos,
15  and met with other SFPD personnel to determine how to proceed.  There was a discussion as to
16  whether there was any criminal liability involved with the videos.  As a preliminary matter to ensure
17  that the evidence was not destroyed or lost, an evidence preservation letter was sent to The Go-
18  Daddy, Inc., the company that hosts plaintiff's website, *www.insidetheSFPD.com*.

19  The letter was sent by SFPD Inspector Ramsey and entitled "18 USC 2703(f) Preservation
20  Request—Web Hosted site of "InsidetheSFPD.com" to Go-Daddy Software, Inc.  The letter made a
21  "formal request for the preservation of records and other evidence . . . . pending further legal
22  process."  The letter also asked "i[f] compliance with this request may result in a permanent or
23  temporary termination of service to the accounts described below, or otherwise alert the subscriber or
24  user of these accounts as to your actions to preserve the referenced files and records, please contact
25  me before taking such action."  As often happens with evidence preservation letters, the SFPD
26  decided not to seek a warrant to obtain the information preserved by Go-Daddy, Inc.

27  As part of his hosting account with Go Daddy, plaintiff's name and address had been publicly
28  available through his Go Daddy listing.  However, plaintiff only learned that his home address was

publicly available on the internet and linked to the ownership of his website after plaintiff received an email about it, sometime after a press conference by Mayor Newsom and Chief Fong. After receiving this email, plaintiff apparently contacted Go-Daddy and asked them to switch his account to a different website hosting product offered by Go-Daddy. That different product allows the consumer's address to remain anonymous, as it lists Go-Daddy as the owner of the website. Unknown to the SFPD, when plaintiff contacted Go-Daddy to replace his current hosting service with a different service, apparently plaintiff was told by Go-Daddy that he should speak to Go-Daddy's legal department.

As the Court is aware, plaintiff is a party in a number of other lawsuits against San Francisco and/or the San Francisco Police Department. In at least one of those actions before this Court, plaintiff attempted to take the deposition of Mayor Newsom. The Court denied the request, and plaintiff filed the present action.

Plaintiff's complaint contains a single cause of action. He alleges that defendants engaged in a conspiracy to violate his Fourteenth Amendment procedural due process rights by freezing his website. The Court granted defendants' motion to dismiss on all other causes of action.

Plaintiff's website was never frozen. San Francisco is informed that plaintiff was never denied access to his account, was never told that he could not shut down his website and was never prevented from altering the material on his site. Moreover, plaintiff has in his possession the Evidence Preservation letter sent from SFPD to Go Daddy, Inc. He knows that the SFPD did not request that his website be "frozen." He also knows that his website was not "frozen." Nonetheless, he has since amended his Complaint and continues to allege that defendants conspired to violate his civil rights by "freezing" his website.

3. **Legal Issues**

The primary legal issues are (1) whether there was any violation of plaintiff's Fourteenth Amendment rights and (2) whether defendants are entitled to qualified or absolute immunity for their actions.

### 4. **Motions**

The individual defendants intend to move for summary judgment based on qualified immunity. The City and Chief Fong and Mayor Newsom also intend to move for summary judgment on the ground that no genuine issues of material fact exist, and the defendants are entitled to judgment as a matter of law.

### 5. **Amendment of Pleadings**

Defendants do not currently intend to seek to amend their pleadings.

### 6. **Evidence Preservation**

Defendants have asked the relevant City departments to preserve evidence, and are attempting to gather all potentially relevant evidence. Plaintiff is preserving such evidence as is in his possession.

### 7. **Disclosures**

On July 11, 2008, the parties will serve their initial disclosures, identifying all persons with discoverable information that the parties may use to support their claims or defenses, and identifying all categories of documents and things in their possession, custody or control that they may use to support their claims or defenses.

### 8. **Discovery**

The parties stipulate to a two-phase discovery process. The parties agree that a two-stage process will conserve the resources of the Court and the parties and limit potential discovery disputes.

<u>Defendants' position with regard to two-stage discovery</u>: Defendants believe that given the history of litigation between the parties, the Court needs to take an active and early role in discovery. Specifically, defendants are concerned that plaintiff intends use discovery to harass Mayor Newsom and Chief Fong through their depositions and in the press. Defendants intend to vigorously oppose any such attempts by plaintiff to misuse the judicial process. A two-stage discovery process will limit plaintiff's ability to use this litigation as a tool to attempt to embarrass public figures and waste public resources.

<u>Plaintiff's position with regard to two-stage discovery:</u>

In preparing this joint statement, counsel notes that defendant's statement of facts includes the statement that this may be "another attempt by Andrew Cohen to harass and ridicule the Mayor of San Francisco and the Chief of Police through deposition …".  No one will be harassed or ridiculed by plaintiff's counsel.  The Mayor and Chief will be treated with respect throughout the proceedings.  There will be no leaks to the media.  There will be no bitter arguments over discovery and depositions will be conducted in a civil manner.  Any disputes will be noted and presented to the Court in a fair and reasonable manner.

Plaintiff agreed to a two step discovery process because it allowed a key issue to be resolved.  Was Cohen locked out of his website or not.  If he was not, the case is over.   It is an issue in dispute and if defendants win, everyone's time and resources are preserved.  If on the other hand, plaintiff is correct, a normal discovery process should commence.

Plaintiff doesn't actually believe there is much legitimate question on this point but since defendant does, plaintiff has no difficulty agreeing to this two step process.  If the Court wishes to have a limited summary judgment motion on that issue with other summary judgment issues reserved until later, plaintiff has no objection.

In terms of the rest of the reasoning for this two step process, plaintiff is sorry that defendant has experienced such unpleasantness in past litigation between these parties.  Counsel is certain this case will proceed based fresh ground.  There are different attorneys and perhaps different litigation strategies.   This counsel cannot obviously agree to some type of truncated or peculiar discovery pattern simply because the parties have had problems in the past.  Hopefully, the interactions to date, in this document and going forward will result in a full and fair hearing for all parties but with a tone and tenor that speaks well of both counsel and their clients.

### Proposed Two Phase Discovery Process

**First Phase**: The parties agree that the first phase of discovery will be limited to the factual issue of whether plaintiff's website was frozen. The parties anticipate that defendants will file an

1 early summary judgment motion that there is no constitutional violation to support plaintiff's claims.
2 The usual discovery tools and limits in the Federal Rules of Civil Procedure would apply.

3     The parties anticipate taking depositions and/or propounding discovery on Go-Daddy to
4 determine what actions were taken with regard to plaintiff's website.

5     Defendants also anticipate taking Andrew Cohen's deposition and propounding discovery
6 limited to whether his website was frozen. Defendants also anticipate serving contention
7 interrogatories to confirm plaintiff's legal theory of the case.

8     Plaintiff expects that most relevant discovery will be produced defendant's initial disclosures.
9 Perhaps a few follow up interrogatories/RFAs or production requests will be necessary.

10 **Second Phase:**

11     Defendants respectfully request that the Court hold a case management conference to
12 determine how to proceed should the case survive the first stage of discovery.

13     Plaintiff understands that defense counsel wants to protect the Mayor and Chief of Police
14 from unnecessary questioning. Plaintiff has no objection to defendant using a CMC to set parameters
15 and to gain an understanding of where the Court believes legitimate discovery lies.

16     The parties address the subjects contained in Rule 26(f) as follows:

17     (a)    Changes to Initial Disclosure Requirements: The parties do not contemplate
18 any changes in the form or requirement for initial disclosures.

19     (b)    The parties anticipate discovery from percipient witnesses concerning the facts
20 of the incident that gives rise to this action. Expert discovery on electronic data issues may also be
21 required.

22     (c)    Defendants anticipate electronic discovery issues related to Go-Daddy and to
23 plaintiff, including but not limited to what actions Go-Daddy took in response to SFPD's request and
24 what problems, if any, plaintiff experienced with his website that cause him to allege that it was
25 "frozen."

26     Plaintiff anticipates as above.

27     (d)    The parties do not currently contemplate any issues concerning claims of
28 privilege or of protection as trial-preparation material as to the first state of discovery.

(e)     The parties have stipulated to limiting the initial stage of discovery as described above.  Defendants have proposed a discovery schedule, but request that the Court hold a further case management conference after the first stage of discovery, if necessary, and determine how the second phase of discovery will proceed.

**9.     Class Actions**

Not applicable.

10.     **Related Cases**

None, to the parties' knowledge, though plaintiff is involved in a number of cases against the City and County of San Francisco and the San Francisco Police Department.

11.     **Relief**

Plaintiff seeks special and general damages, attorneys' fees, punitive and exemplary damages against the Mayor and Chief of Police, and the cost of suit.

12.     **Settlement and ADR**

There have been no ADR efforts to date.  The parties have agreed to mediation.  The parties agree that mediation should only occur after the first stage of discovery.

13.     **Consent to Magistrate for All Purposes**

Defendants have declined to consent to have a magistrate judge conduct further proceedings.

14.     **Other References**

The parties do not believe the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.     **Narrowing of Issues**

As discussed above, the parties request a two-stage discovery proceeding.  Defendants will also request bifurcation of punitive damages at trial.

16.     **Expedited Schedule**

The parties do not believe an expedited schedule is appropriate.

17.     **Scheduling:**

<u>Plaintiff's Proposed Schedule</u>

Plaintiff agrees to the scheduling below but notes that on August 4, 2008 he begins a 3 month jury trial in San Joaquin County (Tues – Friday court).  On January 12, 2009, he begins a two week jury trial before Magistrate Spero.   The San Joaquin trial involves approximately 500,000 pages of documents so it will be time consuming.  Plaintiff may seek modifications of the schedule below.

Defendants' Proposed Schedule

| | |
|---|---|
| Close of First Stage of Discovery: | November 26, 2008 |
| Deadline for Hearing Dispositive Motions: | December 5, 2008 |
| Further Case Management Conference: | January 5, 2009 |
| Close of Second Stage of Discovery: | July 17, 2009 |
| Last Date to File Dispositive Motions: | July 31, 2009 |
| Expert Disclosure: | July 10, 2009 |
| Rebuttal Expert Disclosure: | August 14, 2009 |
| Close of Expert Discovery: | September 11, 2009 |
| Pretrial conference: | November 13, 2009 |
| Trial: | December 11, 2009 |

18.  **Trial**

The parties request a trial by jury.  The parties expect the trial will last five to seven days.

19.  **Disclosure of Non-party Interested Entities or Persons**

Plaintiff *has not* filed Certifications of Interested Entities or Persons under Civil Local Rule 3-16. Each such party hereby restates that as of this date, other than the named parties, there is no such interest to report.  By the terms of  Rule 3-16, defendants City and County of San Francisco, Gavin Newsom and Heather Fong, sued in their official capacity, are exempt from the certification requirement.

Dated: July 11, 2008

                        LAW OFFICES OF DANIEL HOROWITZ

By: _____
    DANIEL HOROWITZ
    Attorneys for Plaintiff
    [The filer of this document attests that concurrence in the filing of this document has been obtained from plaintiff's attorney above, and shall serve in lieu of his signature.]

Dated: July 11, 2008

    DENNIS J. HERRERA
    City Attorney
    JOANNE HOEPER
    Chief Trial Deputy
    WARREN METLITZKY
    Deputy City Attorney


By: _____
    WARREN METLITZKY


Attorneys for Defendants
CITY AND COUNTY OF SAN FRANCISCO,
HEATHER FONG AND GAVIN NEWSOM