IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANDREW COHEN,                                    No. C 08-01443 SI

        Plaintiff,                              **ORDER RE: REMAINING ISSUES**

  v.

GAVIN NEWSOM, et al.

        Defendants.
                                            /

On February 25, 2009, the Court granted defendants' motion for summary adjudication on the issue of whether defendants "froze" plaintiff's website. [Docket No. 41] Although it was the Court's understanding that it had effectively resolved this action by deciding that defendants did not freeze plaintiff's website, the Court gave plaintiff an opportunity to file a letter brief explaining what issues he believes remain undecided. Now before the Court is plaintiff's letter brief, in which he argues that the remaining issue is whether the San Francisco Police Department violated plaintiff's constitutional rights by sending Go Daddy, Inc. an evidence preservation letter pursuant to 18 U.S.C. § 2703(f).

Plaintiff does not clarify in his letter brief what constitutional rights can be violated by the transmission of an evidence preservation letter.[1] He appears to argue that the transmission of the evidence preservation letter violated his due process rights because defendants acted for "political reasons," rather than in furtherance of a legitimate criminal investigation. Plaintiff cites no authority, however, for the proposition that 18 U.S.C. § 2703(f) requires evidence preservation letters be sent only pursuant to legitimate criminal investigations.

Plaintiff also appears to argue that the transmission of the evidence preservation letter violated

---

[1] In plaintiff's First Amended Complaint, he alleges that the freezing of his website constituted a taking of his property in violation of the Fourteenth Amendment. *See* Second Amended Complaint ¶ 17. The Court has already found, however, that SFPD's preservation letter did not freeze plaintiff's website.

his due process rights because it affected plaintiff's relationship with Go Daddy. Specifically, when plaintiff asked Go Daddy for help adding "privacy" to his account, a Go Daddy employee responded that she could not talk to him for "legal reasons." Plaintiff cites no authority for the proposition that the employee's refusal to talk with plaintiff could constitute a taking of plaintiff's property.

The Court finds that plaintiff has failed to articulate a theory whereby the SFPD's transmission of an evidence preservation letter violated his constitutional rights. Accordingly, the Court concludes that no issues remain to decided in this case and the entry of judgment is appropriate. The case management conference currently scheduled for April 3, 2009 is hereby VACATED.

**IT IS SO ORDERED.**

Dated: March 31, 2009

SUSAN ILLSTON
United States District Judge